**IN THE UNITED STATES DISTRICT COURT**
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00998-EWN MEH

JUDICIAL INFORMATION SOLUTIONS, INC., a Colorado Corporation; FRED A. POLLACK, Individually; MARY ELLEN POLLACK, Individually; ERIK G. SCHNEIDER, Individually,

  Plaintiff,

v.

EBONDSMAN.COM, LLC, a Colorado Limited Liability Company; INFORMATION DESIGN, INC., a Colorado Corporation; GARY M. CASSO, JR., NICOLE A. CASSO, CHARLES R. GREEN, and JOHN GREEN d/b/a SYSTEM DEVELOPMENT GROUP; GARY M. CASSO, JR., Individually; NICOLE A. CASSO, Individually; CHARLES R. GREEN, Individually; JOHN GREEN, Individually; STEVE HARRIS, Individually; MICHAEL N. NICHOLAS, Individually,

  Defendants.

## ORDER ON MOTION FOR SANCTIONS AND ATTORNEY'S FEES

Defendants have filed a Motion for Sanctions and Attorneys' Fees (Docket #20) which has been referred to this Court. The motion is briefed, and oral argument would not materially assist the Court in its disposition. For the following reasons, the motion is **denied**.

The background of this case needs little explanation. Plaintiffs bring a copyright infringement action against Defendants. As part of their claim, Plaintiffs alleged statutory damages and attorney's fees under 17 U.S.C. § 412. Based on the fact that Plaintiffs did not register their product within three months after first publication, statutory damages and attorney's fees are not available to Plaintiffs. Two days prior to its deadline for a responsive pleading, Defendants' counsel sent Plaintiffs' counsel a five-page, single-spaced letter detailing all the problems with Plaintiffs' Complaint. In that letter, at the bottom of page two, Defendants' counsel stated, "However, because the CO-Bond application was not registered within three months after the first publication of the

work, your clients are precluded from seeking statutory damages." Defense counsel cited the statute, but no case authority. Counsel did not otherwise address any facts concerning when the application was first published. The letter requested that the Plaintiffs dismiss the entire Complaint without prejudice and proceed to mediation. The letter gave Plaintiffs' counsel one day to respond.

In response, Plaintiffs' counsel stated that they would not dismiss the case. Two days after sending the initial letter, Defendants filed a motion to partially dismiss the Complaint, including the claim for attorney's fees and statutory damages. In their response to the motion to dismiss two weeks later, Plaintiffs conceded the inappropriateness of the statutory damages and attorney's fees requests. Plaintiffs' counsel states that this concession was based on counsel's now-clear understanding that, as a matter of fact, the product was not registered until more than three months after its first publication, a fact of which they were uncertain before. Defendants seek a sanction under 28 U.S.C. § 1927 for having to file a motion to dismiss when Plaintiffs' counsel should have recognized the inappropriateness of the two aspects of their Complaint and dismissed them voluntarily.

The Court views Defendants' motion as having the right intent, but the wrong foundation. The Court fully agrees with the principle that when attorneys are confronted with the allegation that a claim or defense they are bringing is not well established in law or fact, attorneys have an ethical obligation to consider the allegation and withdraw the claim or defense if appropriate, without requiring the other side to engage in motions practice to achieve that end. However, the Court views the current motion as having an improper foundation for the following reasons:

The Court believes that Plaintiffs' counsel's inclusion of the statutory damages and attorney's fees elements of the Complaint was careless and perhaps even negligent. Counsel should have conducted more factual and legal investigation before filing the Complaint. However, this

level of culpability and conduct cannot serve as the basis for sanctions under Section 1927. *See FDIC v. Connor*, 20 F.3d 1376, 1384-85 (5th Cir. 1994); *United States v. Wallace*, 964 F.2d 1214, 1219-20 (D.C. Cir. 1992).

On July 12, 2006, when Defendants' counsel gave Plaintiffs' counsel the warning that these elements of Plaintiffs' claims were not well founded in law or fact, had Defendants' counsel afforded Plaintiffs' counsel more time to digest the prospect of dismissing certain claims, the Court certainly believes that the prior carelessness could have quickly evolved into vexatious conduct which would warrant sanctions.  However, in today's busy world, affording a single day to allow Plaintiffs' counsel to convince themselves (and their clients) that they should dismiss several claims is not sufficient time to support a claim for sanctions.  Moreover, the Court does have a concern that one sentence in a five-page, single-spaced letter may not be sufficiently conspicuous to warrant monetary sanctions.  Perhaps putting the warning in bold lettering or including each sanctionable act in a separate paragraph would strengthen the cause.  In any event, although it is a close question, the Court does not find a basis for sanctions here, but counsel should consider themselves warned about paying attention to the allegations they insert in a federal court complaint.

Accordingly, based upon the foregoing, and the entire record herein, it is **ORDERED** that the Defendants' Motion for Sanctions and Attorneys' Fees [Filed August 28, 2006; Docket #20] is **denied.**

Dated at Denver, Colorado, this 11th day of December, 2006.

BY THE COURT:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge