# IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00998-EWN MEH

JUDICIAL INFORMATION SOLUTIONS, INC., a Colorado Corporation; FRED A. POLLACK, Individually; MARY ELLEN POLLACK, Individually; ERIK G. SCHNEIDER, Individually,

      Plaintiff,

v.

EBONDSMAN.COM, LLC, a Colorado Limited Liability Company; INFORMATION DESIGN, INC., a Colorado Corporation; GARY M. CASSO, JR., NICOLE A. CASSO, CHARLES R. GREEN, and JOHN GREEN d/b/a SYSTEM DEVELOPMENT GROUP; GARY M. CASSO, JR., Individually; NICOLE A. CASSO, Individually; CHARLES R. GREEN, Individually; JOHN GREEN, Individually; STEVE HARRIS, Individually; MICHAEL N. NICHOLAS, Individually,

      Defendants.

---

## ORDER ON MOTION TO COMPEL AND FOR SANCTIONS

---

Defendants have filed a Motion to Compel and for Sanctions (Docket #22) which has been referred to this Court. The motion is briefed, and oral argument would not materially assist the Court. For the following reasons, the motion is **granted in part** and **denied in part**.

The background of the case is unnecessary for the current motion. Rule 26(a)(1) disclosures were due 14 days after the Rule 26(f) conferences, *see* FED. R. CIV. P. 26(a), which occurred on July 27, 2006. Thus, disclosures were due on August 10, 2006. Defendants made their disclosures on August 11, 2006. The Court held a Scheduling Conference on August 17, 2006, at which time Plaintiffs' disclosures had not been made. Upon Plaintiffs' counsel's statement that the disclsoures were "almost done, should be available by next week," the Court directed Plaintiffs to make their disclosures by August 24th, and in so doing specifically explained that they were already well overdue. The Court also noted that the parties are on a tight discovery schedule and should move

as expeditiously as possible.   Plaintiffs mailed their disclosures on August 24, 2006, and Defendants' counsel received them on August 28, 2006.

Defendants' counsel viewed Plaintiffs' disclosures as insufficient and so stated in two letters, dated August 28, 2006 and September 6, 2006.  Plaintiffs' counsel did not respond until September 13, 2006. Plaintiffs' counsel states that he was out of town "from late August through early September" as a justification for the lack of a timely response.

One specific problem with the disclosures was the complete lack of any itemization of damages.  Another was the dearth of document disclosures and witnesses (only five were listed, four of whom were Plaintiffs).  On September 13th, when Plaintiffs' counsel did respond, he represented that they would provide supplemental disclosures, but according to Defendants' counsel, the present motion was already drafted, and counsel filed it.   Plaintiffs' counsel did provide supplemental disclosures as indicated.  Defendants contend that the detail of the supplemental disclosures proves that the initial disclosures were inadequate.  Further, Defendants contend that the supplemental disclosures still lack any identification of "materials bearing on the nature and extent of injuries suffered."  FED. R. CIV. P. 26(a)(1)(C).

The Court believes that Defendants' arguments are meritorious.  If one brings a federal lawsuit for hundreds of thousands of dollars, the plaintiff's counsel needs to be prepared to deal with a defendant's attorney who wants to follow the rules.  Not every defense counsel is as tenacious as that presented in this case, but the Court takes no issue with Defendants' desire to push this case along, especially considering the short discovery schedule.  The Defendants are entitled to be apprised of the claims against them and to be prepared to file all appropriate motions when those motions are due, as well as to defend this case vigorously if there is a trial.  Plaintiffs' counsel needs to order his steps accordingly.

2

In this regard, the Court makes specific note of some of the problems with Plaintiffs' actions to date:  It is not acceptable to state that counsel was out of town from late one month to early the next month.  That could mean from August 20 to September 10, or it could mean from August 29 to September 3.  The difference between these two is significant in determining the good faith of counsel.  Further, to inform the Court that the Rule 26 disclosures can be complete by next week, and then to submit the disclosures that Plaintiffs submitted, is unacceptable.  Plaintiffs' three-page disclosures could have been prepared in about an hour.  The Court expects more from counsel when the case is filed in May, but the disclosures are not made for four months.  Counsel must be more diligent in complying with their ethical obligations and their responsibilities under the federal and local rules in moving their case along.  Finally, the Court will expect a much more timely response to the communications from opposing counsel from this point forward.

For these reasons, the Court will grant the Motion to Compel insofar as it requires Plaintiffs to submit materials bearing on the nature and extent of injuries suffered, as well as Plaintiffs' best efforts to quantify damages.  The request for sanctions will be denied, because the Court believes that Plaintiffs' counsels' conduct has not, to this point, risen to the level of being sanctionable, but this denial is with a caveat.  Today the Court has entered orders on two separate motions, the circumstances underlying which Plaintiffs' counsels' conduct has proved to be somewhat lackadaisical.  The Court will consider Plaintiffs' counsel to have been warned that any future examples of trying to litigate this case without paying attention to the details will be met with financial consequences, because the Defendants should not be required to file motions to compel minimally satisfactory submissions by the Plaintiffs.

Accordingly, based upon the foregoing, it is hereby ORDERED that Defendants' Motion to Compel and For Sanctions [Filed September 13, 2006; Docket #22] is **granted** in part and **denied**

in part. Plaintiffs shall have until and including January 3, 2007, in which to submit materials bearing on the nature and extent of injuries suffered, as well as Plaintiffs' best efforts to quantify damages.  Defendants' request for sanctions is denied.

Dated at Denver, Colorado, this 11th day of December, 2006.

BY THE COURT:

 S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

4