# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 06-cv-00998-EWN MEH

JUDICIAL INFORMATION SOLUTIONS, INC., a Colorado Corporation;
FRED A. POLLACK, Individually;
MARY ELLEN POLLACK, Individually;
ERIK G. SCHNEIDER, Individually,

    Plaintiffs,

v.

EBONDSMAN.COM, LLC, a Colorado Limited Liability Company;
INFORMATION DESIGN, INC., a Colorado Corporation;
GARY M. CASSO, JR., NICOLE A. CASSO, CHARLES R. GREEN, and JOHN GREEN d/b/a SYSTEM DEVELOPMENT GROUP;
GARY M. CASSO, JR., Individually;
NICOLE A. CASSO, Individually;
CHARLES R. GREEN, Individually;
JOHN GREEN, Individually;
STEVE HARRIS, Individually;
MICHAEL N. NICHOLAS, Individually,

Defendants.

---

## STIPULATION OF THE PARTIES GOVERNING THE PRODUCTION OF CONFIDENTIAL INFORMATION AND PROTECTIVE ORDER

    WHEREAS, the parties have requested, and may request in the future, discovery which a party or witness contends contains trade secrets, sensitive, confidential, commercial, proprietary business and/or financial information; and

    WHEREAS, the parties desire to minimize the necessity for objections and piecemeal motions for protective orders, tending to interrupt, impede and/or delay the flow and production of information relevant to this litigation;

Pursuant to the agreement of the parties, by and between their respective counsel, it is HEREBY ORDERED that:

1. **Scope of Order.**

    a.   This Order shall govern the pretrial designation and use of trade secrets, sensitive, confidential, commercial, proprietary business and/or financial information or materials produced in formal and informal discovery in this lawsuit by any party or non-party. Such information shall not be used for any purposes except in connection with this lawsuit.  As used in this Order, the term "material" includes source code, documents, facts, information and things produced in discovery in this lawsuit.

    b.   The requirements and procedures set forth in this Order do not affect the right of any party:  (1) to move the Court to modify this Order, (2) to apply to the Court for additional protective relief, (3) to object to requests for the production of material, (4) to apply to the Court for an order compelling responses or further responses to discovery requests, or (5) to object at any evidentiary hearing or at trial to the admissibility of evidence.

    c.   Prior to any evidentiary hearing or trial of this case, the parties shall meet and confer to reach an agreement as to the confidentiality of material, if any, to be used as evidence at any evidentiary hearing or at trial and, if necessary, a method for maintaining the confidentiality of those materials at any evidentiary hearing or at trial.

2. **Confidential Information.**

    Any person (including persons not named in this action) may designate material produced as "Confidential" pursuant to this Order.  Such person may do so on the reasonable good faith belief that the material constitutes confidential, proprietary or trade secret information.  The designation of material as "Confidential" may be made by placing one of the

-2-

following notices on the material (in such manner as not to affect legibility):

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

     3.  **Disclosure of "Confidential" Information.**

      a.  Except with the prior consent of the producing party or upon prior order of this Court, "Confidential" information may only be disclosed to persons falling within one or more of the following categories:

      (1)  plaintiffs and their counsel of record and such counsel's staff working with them on this case;

      (2)  defendants and their counsel of record and such counsel's staff working with them on this case;

      (3)  any counsel, officer, director or employee of the party producing the material;

      (4)  any person identified as having authored or previously received the material;

      (5)  outside expert witnesses and consultants retained or consulted by the parties in connection with this proceeding, provided that they have signed a certificate in the form of Exhibit A attached hereto, which original certificate shall be maintained by the counsel retaining or consulting the expert or consultant;

      (6)  any person testifying at a deposition provided that he or she has been presented with and requested to sign a certificate in the form of Exhibit A attached hereto which certificate shall be attached to the deposition transcript;

      (7)  court reporters and videographers, at depositions; and

      (8)  the Court and Court personnel, including stenographic reporters, clerks

and clerical personnel engaged in such proceedings as are necessarily incident to pretrial proceedings and trial of this action.

      4.      **Disclosure of "Confidential – Attorneys' Eyes Only" Information.**

      a.      Except with the prior consent of the producing party who designates the documents "Confidential - Attorneys' Eyes Only," or upon prior order of this Court, "Confidential - Attorneys' Eyes Only" information may only be disclosed to:

      (1)      counsel of record for the receiving party, and such counsel's staff working with them on this case;

      (2)      any attorney, officer, director, or employee of the party producing the material;

      (3)      any person identified as having authored or previously received the material;

      (4)      outside expert witnesses and consultants (other than current officers or employees of a competitor of the producing party) retained or consulted by the parties in connection with this proceeding, provided that they have signed a certificate in the form of Exhibit A attached hereto, which original certificate shall be maintained by the counsel retaining or consulting the expert or consultant;

      (5)      any person, other than an officer, director, or employee of the receiving party (or current officers or employees of a competitor of the producing party), testifying at a deposition provided that he or she has been presented with and requested to sign a certificate in the form of Exhibit A attached hereto, which certificate shall be attached to the deposition transcript;

      (6)      court reporters and videographers at depositions; and

-4-

(7)      the Court and Court personnel, including stenographic reporters, clerks and clerical personnel engaged in such proceedings as are necessarily incident to pretrial proceedings and trial of this action.

5.      **Disclosure and Use of Confidential Information at Depositions.**

Whenever a deposition taken on behalf of any party involves disclosure of "Confidential" or "Confidential - Attorneys' Eyes Only" material of a party or witness:

a.      only the court reporter, videographer and those persons who are authorized by the terms of this Order to receive such materials may be present;

b.      said deposition or portions thereof shall be designated as containing "Confidential" or "Confidential - Attorneys' Eyes Only" information subject to the provisions of this Order.  Such designation shall be made on the record whenever possible, but a party or witness may make such a designation, if a basis exists therefor, after transcription, provided written notice of such designation is promptly given to all counsel of record within ten (10) days after the delivery of the transcript by the court reporter to those who have ordered a copy.

c.      Where only a portion of a deposition transcript contains "Confidential" or "Confidential - Attorneys' Eyes" material, the parties shall cooperate to the extent reasonable and practical to segregate such information into a separate document or transcript.

6.      **Non-Disclosure and Use of Confidential Information Other Than at Depositions.**

The party receiving any document or information designated "Confidential" or "Confidential - Attorneys' Eyes Only" shall not use that document or information for any purpose not directly related to this lawsuit, including but not limited to copying, registering, trademarking, copyrighting, licensing, patenting, or providing a copy to any other person or

entity for any purpose.

7.     **Filing Under Seal.**

Any motions, affidavits, briefs or other documents submitted to the Court containing "Confidential" or "Confidential - Attorneys' Eyes Only" material shall be subject to this Order, and shall be filed with the Clerk under seal, identified as being subject to the Order of this Court and not be opened except by Order of this Court.

8.     **Challenges to Confidentiality Designations.**

a.     Any party may object to the designation of particular material or information as "Confidential" or "Confidential - Attorneys' Eyes Only" by giving written notice to the party or witness designating such material.  Any such written notice shall identify the information to which the objection is directed.  If the status of the material cannot be resolved informally within ten (10) days of the time the notice is received, it shall be the obligation of the party seeking to change the designation to file, within ten (10) days of the expiration of such earlier ten (10) day meet and confer period, an appropriate motion requesting that the Court rule that the disputed material not be subject to the protection invoked.  If such motion is granted, and the Court rules the party making the challenged designation did not act in good faith, the producing party will bear the attorney fees and costs incurred by the receiving party in its attempt to resolve the dispute informally and in filing its motion.  The disputed material shall remain "Confidential" or "Confidential - Attorneys' Eyes Only" under the terms of this Order until the Court rules on such motion.  It shall be the burden of the party, person or witness who designated the material as "Confidential" or "Confidential - Attorneys' Eyes Only" to establish the propriety of the designation.

b.     In the event that any party believes it to be necessary to disclose any

"Confidential" information to anyone not designated in paragraph 3 herein, or to disclose "Confidential - Attorneys' Eyes Only" information to anyone not designated in paragraph 4 herein, such party will first attempt to obtain the consent of the other party informally, and if consent is withheld, may petition the Court for permission to make such disclosure.  If such petition is granted, and the Court rules the non-consenting party did not act in good faith, the non-consenting party will bear the attorney fees and costs incurred by the petitioning party in its attempt to resolve the dispute informally and in filing its motion.

       9.      **Disposition of Confidential Information at the Conclusion of the Case.**

At the conclusion of this action, including any appeals, all materials, documents and information designated "Confidential" or "Confidential - Attorneys' Eyes Only," including any photocopies or summaries thereof, shall be returned to the producing party or witness by all parties and persons to whom they have been furnished, or destroyed.  The party returning or destroying documents designated "Confidential" or "Confidential - Attorneys' Eyes Only" shall provide written certification to the producing party that whatever procedure elected was fully performed, provided, however, that outside counsel of record for each party may maintain in its files one copy of each pleading filed with the Court, and each written discovery request and response thereto.

      10.      **Continuing Duty.**

The termination of this action shall not relieve the receiving party or other persons obligated hereunder from their responsibility to not use or disclose, and to maintain the confidentiality, of the confidential materials or information pursuant to this Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Order.

      11.      **Inadvertent Production of Undesignated or Misdesignated Confidential**

**Information.**

If a party to this Order inadvertently produces confidential information without marking it as such, or with a designation that is not appropriate for the level of confidentiality that should be attached to the materials, it may be disclosed to others until the receiving party is advised of the error, **_unless_** it appears from the face of the information that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party.  As soon as the receiving party becomes aware of the inadvertent failure to designate or misdesignation, the information must be treated as if it had been timely and correctly designated under this Order, and the receiving party must endeavor in good faith to obtain all copies of the information which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

12.    **Inadvertent Production of Privileged Materials.**

If a party inadvertently produces a document that is a privileged document, such production will not constitute a waiver of any applicable privileges. In such circumstances, the producing party shall notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) business days of receiving such notification, the receiving party shall return or confirm the destruction of the privileged materials.

13.    **Protective Order Binding Pending Entry**.

The parties agree to be bound by the terms of this Order pending its entry by the Court, or pending entry of an alternative thereto.

14.    **Sanctions for Violation of This Order.**

The court may impose any sanction for violation of this Order which it is empowered to

impose for violations of its orders generally.

15.     **Service of This Order on New Parties.**

If any new parties are added to this action subsequent to the date of this Order, a copy of

this Order shall be served along with the Summons and Complaint, or Cross-Complaint, if any,

and proof of service shall be filed with the Court.

SO STIPULATED.

DATED:          December 19, 2006.

ROTHGERBER JOHNSON & LYONS LLP

/s/ *Jesus M. Vazquez*
Jesús M. Vázquez, #28110
Craig C. Garby, #27292
Miro Kovacevic, #35981
1200 17th Street, Suite 3000
Denver, CO 80202-5855
(303) 623-9000

*Attorneys for Defendants*

DATED:          December 19, 2006.

BENSON & CASE, LLP

/s/ *John Case*
John Case, #2431
1660 S. Albion Street
Suite 1100
Denver, CO 80222
(303) 757-8300

*Attorneys for Plaintiffs*

SO ORDERED this 19th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

## EXHIBIT A

Acknowledgment Regarding Confidentiality

I, _____ (name), have read and understand the attached

**STIPULATION OF THE PARTIES GOVERNING THE PRODUCTION OF**

**CONFIDENTIAL INFORMATION AND PROTECTIVE ORDER** ("the Order")

dated December ___, 2006, entered in the action entitled "Judicial Information Solutions, Inc., et

al., v. eBondsman.com, LLC, et al., (Civil Action No. 06-cv-00998-EWN MEH) ("the Action").

I agree to be bound by the provisions of the ORDER and to keep confidential the

substance and contents of any document or materials subject to the ORDER.  I also agree that I

will not use or copy any document or materials subject to the ORDER for any purpose other than

in connection with the Action.  I also agree that, at the conclusion of the Action, I will – at the

election and expense of the producing party - either return to the producing party or destroy all

documents in my possession that have been designated by the producing party as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the

ORDER.

I understand that unauthorized disclosure of the stamped confidential documents may

constitute contempt.  I consent to the exercise of personal jurisdiction by this Court.

_____

(Signature)

_____

(Date)